UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ERNEST CRAIG COWART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:20-cv-00471-JPH-MJD |
| | ) |
| JOHN PLASSE, | ) |
| VIGO COUNTY SHERIFFS OFFICE, | ) |
| VIGO COUNTY JAIL, | ) |
| | ) |
| Defendants. | ) |

**Order Denying Motion for Leave to Proceed *in Forma Pauperis*,
Screening and Dismissing Complaint,
and Directing Plaintiff to File Amended Complaint**

Ernest Craig Cowart, a detainee being held in the Vigo County Jail in Terre Haute, Indiana, filed this 42 U.S.C. § 1983 action on September 9, 2020. The Court makes the following rulings.

**I. Filing Fee**

Mr. Cowart's motion for leave to proceed *in forma pauperis*, dkt. [2], is **denied** without prejudice because it does not have attached a copy of his prisoner trust account financial transactions for the six-month period preceding the commencement of this action. *See* 28 U.S.C. § 1915(a)(2). No later than **October 8, 2020**, Mr. Cowart shall either pay the $400 filing fee to the clerk of the district court or renew his motion for leave to proceed *in forma pauperis* with a certified copy of his prisoner trust account financial transactions from March 9, 2020, to September 9, 2020.

**II. Screening Standard**

Because Mr. Cowart is a prisoner, his complaint is subject to the screening requirements of 28 U.S.C. § 1915A(b). This statute directs that the Court shall dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief

1

may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (same). The Court construes *pro se* pleadings liberally and holds *pro se* pleadings to less stringent standards than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

### III. Mr. Cowart's Complaint

Mr. Cowart names one defendant, Sheriff John Plasse of the Vigo County Sheriff's Office, and makes the following factual allegations. He contends the jail is filthy and overcrowded and that in July 2020 the water was turned off for three days which caused the inmates to be unable to flush their toilets. Mr. Cowart also asserts that he is a "brittle type I diabetic with many other medical issues." Dkt. 1 at 3. He has not seen any of his doctors, he has become unconscious many times due to the negligence of the medical staff, and his blood sugars are not under control. Mr. Cowart's eyesight has severely worsened and he is not able to see his eye specialist. The relief Mr. Cowart seeks is to be housed elsewhere and be paid compensatory damages. Dkt. 1 at 4.

### IV. Analysis

In the caption of his complaint Mr. Cowart wrote "Vigo County Sheriff's Office" and "Vigo County Jail," as defendants, but in the complaint he lists these entities as defendant Sheriff John Plasse's employer. Dkt. 1 at 1-2. The **clerk is directed** to terminate the Vigo County Sheriff's Office and the Vigo County Jail as defendants on the docket.

In the factual allegation section of the complaint, there is no person named or identified who is suable in § 1983 actions and alleged to be responsible for the perceived constitutional violations. There are no facts alleged to suggest that Sheriff Plasse is personally responsible for any of the conditions of Mr. Cowart's confinement, or that he was notified of an unconstitutional condition and failed to take action. A defendant can only be liable for the actions or omissions in which he personally participated. *Colbert v. City of Chi.*, 851 F.3d 649, 657 (7th Cir. 2017); *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Simpson v. Brown Cnty.*, 860 F.3d 1001, 1005–1006 (7th Cir. 2017); *Locke v. Haessig*, 788 F.3d 662, 669 (7th Cir. 2015).

Mr. Cowart alleges negligence of the "medical staff" for his lack of medical care, but he does not name any individual and connect them with a specific instance of deliberate indifference to his serious medical needs. "Medical staff" is not an individual suable in a § 1983 action.

Finally, Mr. Cowart does not allege nor identify an unconstitutional policy or custom implemented, practiced, or enforced by Sheriff Plasse for which he could be liable. *See Simpson*, 860 F.3d at 1006 (citing under *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978)); *Glisson v. Ind. Dep't of Corr.*, 849 F.3d 372, 379 (7th Cir. 2017) (en banc) ("The critical question under Monell . . . is whether a municipal (or corporate) policy or custom gave rise to the harm (that is, caused it), or if instead the harm resulted from the acts of the entity's agents." A generalized allegation that the jail is filthy and overcrowded is not enough to support *Monell* liability for any violation of the constitution.

For these reasons, Mr. Cowart's complaint is **dismissed** for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915A. However, no later than **October 8, 2020**, Mr. Cowart may file an amended complaint curing the deficiencies identified in this Order, or alternatively a motion to reconsider showing why the complaint should not have been dismissed and instead allowed to proceed. An amended complaint must contain this action's case number – 2:20-cv-00471-JPH-MJD – and the words "amended complaint" on its first page. An amended complaint will also be screened pursuant to § 1915A prior to service of process on any defendant.

The failure to comply with the filing fee or *in forma pauperis* motion requirement set out in Section I, and the failure to file either an amended complaint or motion to reconsider as set out in this section, will result in the dismissal of this action and entry of final judgment without further notice.

**SO ORDERED**.

Date: 9/14/2020

                                                  James Patrick Hanlon
                                                  United States District Judge
                                                  Southern District of Indiana

Distribution:

Ernest Craig Cowart
21531
Vigo County Jail
201 Cherry Street
Terre Haute, IN 47807